■ In the Matter of WILLIAM B. GLADSTONE, an Attorney. In the Matter of BERT MARKOWITZ, an Attorney.— Motion for an order setting aside the order of disbarment and reopening the hearings for the taking of additional testimony, and the introduction of additional evidence and for other relief denied in all respects. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ In the Matter of WILLIAM B. GLADSTONE, an Attorney. In the Matter of BERT MARKOWITZ, an Attorney.— Motion for an order permitting respondents to inspect and to make use of the minutes of the testimony given before the Special Referee appointed by this court in the disciplinary proceedings of "Attorney A" denied in all respects. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

■ In the Matter of the Claim of PHILIP ODOM, by His Guardian ad Litem, WILEY ODOM, et al., Respondents, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— Order, entered on April 24, 1962, granting permission to file a late notice of claim against the New York City Housing Authority, reversed on the law and the facts, with $20 costs and disbursements to the appellant, and the application denied, with $10 costs. The failure to file the notice of claim with the appropriate public agency within the prescribed period of time was due to the inadvertence of counsel. An examination of official files supports the inference contained in the record that the infant had counsel within the 90-day period for the filing of a notice. Accordingly, such failure was not "by reason of" the disability of infancy so as to permit an extension of the statutory period under subdivision 5 of section 50-e of the General Municipal Law (*Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939). Concur — Breitel, J. P., Rabin and Steuer, JJ.; Valente and Eager, JJ., dissent in part in the following memorandum: We dissent in part and would reverse and remand to the Special Term in accordance with the procedure followed in *Matter of Brown* v. *New York City Housing Auth.* (12 A D 2d 590).

■ JILL CASHMAN, Respondent, v. IRWIN CASHMAN, Appellant, et al., Defendant.— Order, entered on June 12, 1962, unanimously reversed on the law and on the facts, with $20 costs and disbursements to the appellant, and the motion for the allowance of counsel fees to plaintiff denied in all respects, with $10 costs. There is no authority for the allowance of counsel fees to the plaintiff wife in this action which is brought to declare the invalidity of a foreign divorce procured by her as plaintiff and to declare the invalidity of a subsequent marriage of defendant to a third person. Section 1140-a of the Civil Practice Act, cited by Special Term, is not applicable under the circumstances here. Nor is the allowance supported by the provisions of section 1169 or 1169-a thereof pursuant to which the motion was purportedly made. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.